FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK** ★ DEC 27 2017 ★

LONG ISLAND OFFICE

Gary Murphy on behalf of himself
and all others similarly situated,

                              **Plaintiff,**

   v.

HF Holdings, Inc, Basil Hamdam, and
Mineola Medical Lab, LLC

                              **Defendant.**

**No.**

CLASS ACTION

**CV-17 7537**

**Jury Demanded**

BIANCO, J.

LOCKE, M. J.

**Complaint for**
**Violations of the Fair Debt Collection Practices Act and**
**New York General Business Law**

1.  Plaintiff Gary Murphy ("Plaintiff" or "Murphy") files this Complaint seeking redress

for the illegal practices of Defendants in connection with the collection of a medical debt

allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15

U.S.C. § 1692, *et seq.* and the New York General Business Law.

**Parties**

2.  Plaintiff Gary Murphy is a citizen of New York State who resides within this District.

3.   Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4.  The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a

debt alleged to be owed for personal, family, or household services.

5.  The alleged debt was for the purchase of household and personal products and no part

of the alleged debt was incurred for business related items or services.   The alleged debt was

allegedly incurred for a medical test.

1

6. Defendants HF Holdings, Inc. is a debt collector regularly engaged in the collection of debts allegedly due to others, as defined by the FDCPA § 1692a(6), in that they are directly or indirectly collecting debts.

7. Defendant Basil Hamdam (Hamdam) is the owner and President of HF Holdings, Inc. Basil Hamdam was engaged in the actions that led to the violation of the FDCPA as alleged herein. Hamdam approved, adopted and/or ratified the illegal actions alleged in this matter in that he was personally involved in the training of personnel to engage in the day to day operations of the business. As such, he would have created, approved, and/or ratified the letter at issue in this matter. Additionally, HF Holdings, Inc. has been sued numerous times for violating the FDCPA, but chooses to default. As owner and President, Mr. Hamdam is, or should be, aware that his company is violating the FDCPA, but is not correcting their practices. Mr. Hamdam is a debt collector as defined by the FDCPA 1692a(6) in that he is directly or indirectly collecting debts on a regular basis.

8. Defendant Mineola Medical Lab, LLC is an original creditor who hired HF Holdings, Inc. to collect an alleged debt.

### Jurisdiction and Venue

9. This Court has federal question jurisdiction pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d).

10. This Court has supplemental jurisdiction for the Plaintiff's claims under the New York General Business Law pursuant to 28 U.S.C. §§ 1367.

11. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

2

12. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since Defendants reside and transact business in this district.

### Factual Allegations

13. Defendant Mineola Medical Lab, LLC alleges that the Plaintiff owed them $20.00. Plaintiff disputes this.

14. Defendant Mineola Medical Lab, LLC hired HF Holdings and Hamdam to help them collect the alleged debt.

15. Plaintiff contends that he did not have any business with Mineola Medical and never agreed to pay any money for services by Mineola Medical. Plaintiff contends that he did not owe Mineola Medical any money.

16. On or about October 10, 2017 the Defendants sent the Plaintiff the letter attached as Exhibit A hereto.

17. Plaintiff received Exhibit A.

18. Exhibit A seeks to collect $20.00 for the alleged debt that is not owed.

19. Exhibit A falsely threatens an imminent lawsuit.

20. Exhibit A falsely indicates that interest is accruing.

21. Exhibit A does not explain what interest is accruing as required by *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017).

22. Exhibit A does not properly indicate the amount of the debt.

3

23. Exhibit A falsely indicates that the Plaintiff will be responsible for attorney fees, and court costs if the debt is not settled immediately.

24. Exhibit A fails to provide the notice required by 15 USC 1692g(a) in that the language in the letter indicates that negative consequences will befall the Plaintiff if the debt is not settled "immediately." The language of the letter overshadows the provision of the language required by 15 USC 1692g.

25. On or about November 25, 2017 the Defendants sent the Plaintiff the letter attached as Exhibit B hereto.

26. Plaintiff received Exhibit B.

27. Exhibit B seeks to collect $20.00 for the alleged debt that is not owed.

28. Exhibit B falsely threatens an imminent lawsuit.

29. Exhibit B falsely indicates that interest is accruing.

30. Exhibit B does not explain what interest is accruing as required by *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017).

31. Exhibit B does not properly indicate the amount of the debt.

32. Exhibit B falsely indicates that the Plaintiff will be responsible for attorney fees, and court costs if the debt is not settled immediately.

33. Exhibit B falsely threatens to report the debt to credit reporting bureaus.

34. Exhibit B falsely indicates that the reporting of the alleged debt will damage Plaintiff's credit rating.

35. Exhibit A is a form letter.

36. Exhibit B is a form letter.

4

37. Upon information and belief, Defendant sent form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers.

38. Upon information and belief, Defendant sent form letters containing language substantially similar or materially identical to that contained in Exhibit B to hundreds of consumers.

39. Exhibits A and B falsely indicate that the Plaintiff is indebted to Mineola Medical.

40. Upon information and belief Mineola Medical has caused to be sent hundreds of such letters to consumers, similarly alleging falsely that a debt is owed to Mineola Medical.

### Class Action Allegations

41. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A and/or Exhibit B violates the FDCPA and the New York General Business Law.

    c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

    d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories, and Plaintiff's interests are consistent with the interests of the class.

5

     e.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

42. A class action is superior for the fair and efficient adjudication of the class members' claims.

43. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

44. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

45. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, Plaintiff will seek to certify two classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Class One – Claims under the Fair Debt Collection Practices Act

47. This Count is brought pursuant to the FDCPA against Defendants HF Holdings and Hamdam, by Plaintiff, individually, and on behalf of a class that, according to Defendants' records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A and/or Exhibit B attached to Plaintiff's Complaint ; (d) which was not returned by the postal service as undeliverable.

48. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

6

Class Two – Claims Under the New York General Business Law Section 349

49.  This Count is brought pursuant to the New York General Business Law

Section 349 against all Defendants by Plaintiff, individually, and on behalf of a class that,

according to Defendants records, consists of: (a) all individuals who have mailing addresses

within New York State; and (b) within three years before the filing of this action; (c) were sent a

collection letter in a form materially identical or substantially similar to Exhibit A and/or Exhibit

B, attached to Plaintiff's Complaint; and (d) which was not returned by the postal service as

undeliverable.


## Count I
## Violations of the Fair Debt Collection Practices Act

50.  Plaintiff restates, realleges, and incorporates herein by reference all foregoing

paragraphs as if set forth fully in this Count.


## Exhibit A and Exhibit B

51.  By sending Exhibit A and/or Exhibit B, the Defendants HF Holdings and Hamdam

violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692 e, e(2), e(5), (10), f,

f(1), and g.

52. By sending Exhibit A and/or Exhibit B and attempting to collect interest as described

herein, these Defendants violated numerous provisions of the FDCPA, including 15 U.S.C. §§

1692 e, e(2), e(5), e(10), f, f(1), and g.

7

53. By sending <u>Exhibit A and/or Exhibit B</u>, these Defendants violated 15 U.S.C. § 1692e, e(2)(A), and e(10), by falsely representing the character, amount, and legal status of the alleged debt. This is also an unfair and unconscionable act under 15 U.S.C. §§ 1692f and -f(1).

54. By sending <u>Exhibit A and/or Exhibit B</u>, these Defendants also violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1) by attempting to collect a fee that is not permitted by law, or authorized by an agreement.

55. By sending <u>Exhibit A and/or Exhibit B</u>, Defendant also violated 15 U.S.C. § 1692g(a)(1), by incorrectly stating the amount of the alleged debt. This is also an unfair and act under 15 U.S.C. § 1692f.

56. By sending <u>Exhibit A</u> and <u>Exhibit B</u>, these Defendants also violated 15 U.S.C. § 1692e, e(5), e(10) by falsely threatening to sue the Plaintiff; falsely threatening to report the alleged debt onto Plaintiff's credit report; falsely indicating that the reporting of such debt would damage Plaintiff's credit report;  and falsely indicating that there was a lawsuit pending.

57. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render these Defendants liable to Plaintiff and the Class under the FDCPA.

**Count II**
**Violations of the New York General Business Law Section 349**

58.  By sending Exhibit A and/or Exhibit B to consumers and collecting money not owed all Defendants violated New York General Business law Section 349.

49. The collection of money not owed, including illegal interest, without proper authority is a false, deceptive, and misleading statement concerning the character, amount, or legal status of those debts, which constitutes a deceptive business practice in violation of NY GBL § 349.

8

50. Defendants engaged in deceptive acts and practices, in violation of NY GBL §349 by collecting, and attempting to collect, debts not owed, and by collecting or attempting to collect interest on alleged debts without any contractual or legal right to do so.

51. The Defendants' actions complained of herein were committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of NY GBL § 349 independent of whether it also constituted a violation of any other law.

52. The Defendants' actions complained of herein are consumer-oriented, involving deceptive representations made in form/standardized correspondence with large numbers of consumers. The violations alleged herein are recurring and have a broad impact upon the public.

53. Defendants' deceptive acts, by their nature, involve material misrepresentations of the amounts chargeable to the accounts that Defendants are attempting to collect.

54. Defendants engaged in such conduct in the course of trade and commerce.

55. Defendants knowingly and/or recklessly disregarded the unlawful nature of the debts they sought to collect from Plaintiff and other similarly situated consumers in the State of New York.

56. As a result of Defendants' violations of NY GBL § 349, Plaintiff, and the class members he seeks to represent, have each suffered actual damages in the money they paid, statutory damages of up to $1,000.00; punitive damages; attorney's fees, and costs.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

(A) Statutory damages;

(B) Actual damages;

9

(C) Punitive damages;

(D) Attorneys' fees, litigation expenses and costs;

(E) An injunction preventing the Defendants from collecting debts not
owed and from adding illegal interest to New York consumers; and

(F) Any other relief this Court deems appropriate and just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: West Islip , New York
December 21, 2017

RESPECTFULLY SUBMITTED,

S// JOSEPH MAURO
Joseph Mauro
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

10